UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

VICKY B. CHELETTE et ux                                    CIVIL ACTION 3-04-2440


VERSUS                                                U.S. DISTRICT JUDGE ROBERT G. JAMES


STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY
                                                U.S. MAGISTRATE JUDGE JAMES D. KIRK



Memorandum Ruling on Motion to Compel

Before the court is plaintiff's motion to compel, Document # 45. This is a sex

discrimination suit in which plaintiff claims that her supervisor at defendant's company, Rex

Finklea, created a hostile work environment by making "unsolicited comments touchings and

advances." Plaintiff sought to inquire of Finklea in deposition as to any past sexual relationships

and defense counsel objected. The undersigned was telephoned during the deposition and,

without benefit of briefing or research ruled that plaintiffs could not inquire into that subject-

matter. The court invited plaintiffs to brief the issue.

It is not clear to the court the exact nature of the question(s) asked of Finklea. It appears,

however, that the question(s) at least related to two relationships plaintiffs believed existed in the

past. Defense counsel suggests that the two persons about whom plaintiffs wish to ask questions

of Finklea worked with him "almost two full decades ago."

Plaintiffs do not state why they think the discovery may lead to admissible evidence on an

issue in this case, but suggest only that other courts have allowed the discovery in other cases.

Plaintiffs cite two Eastern District of Louisiana cases as having allowed discovery. Perhaps it can be inferred from the citings of those cases that plaintiff believes the evidence may be relevant on the fourth and fifth prongs of the hostile work environment test, whether a term, condition or privilege of employment was affected and whether the employer knew or should have known of the harassment, respectively, and may also be relevant with regard to "pattern or practice" or to uncover the names of potential witnesses.

In order to support a claim of sexual harassment under the theory of a hostile or abusive work environment, an employee must establish five elements: (1) that she belongs to a protected group, (2) that she was subjected to unwelcome harassment, (3) based upon sex, (4) which affected a term, condition or privilege of her employment, and (5) that her employer knew or should have known of the harassment and failed to take prompt remedial action. Green v. Administrators of Tulane Educ. Fund, 284 F.3d 642 (5th Cir. 2002). However, in a case, as here, involving a claim that a supervisor created a hostile environment, the fifth prong of the test is inapplicable. Celestine v. Petroleos De Venezuela SA, 266 F. 3d 343 (5th Cir. 2001).

The past sexual relationships of Finklea are not relevant as to the proof required on any of the four parts of the test set forth above. I do not see how such evidence could possibly tend to show whether a term or condition of this plaintiff's employment was affected by Finklea's actions. Additionally, whether the employer knew or should have known is not a factor in a supervisor case, as pointed out above. Witnesses as to his prior sexual encounters would have nothing to offer which would tend to prove or disprove the four elements of plaintiffs' case. Finally, whether there was a "pattern or practice" in the past in this case is immaterial, for such proof is ordinarily used only in class action suits. Celestine, supra. In this case, plaintiffs' claims are of specific instances of conduct by Finklea against Mrs. Chelette.

Considering plaintiffs' claims in this case, to allow discovery of irrelevant sexual conduct would violate the privacy rights of Finklea and of any persons with whom he may have been sexually involved in the past. See <u>Boler v. Solano County Superior Court</u>, 201 Cal. App. 3d 467 (1987).

For the foregoing reasons, plaintiff may not inquire of Finklea or of other witnesses as to Finklea's past sexual relationships.

Plaintiff also seeks to depose Dr Domingue, Renee Schneider, Janet Fortenberry, and Sandra Douzart. Although the ten deposition limit shall have been exceeded if those depositions are taken, plaintiff has shown good cause for taking them and they will be allowed.

Plaintiff may not depose Dana Barnes because the purpose of the deposition is to inquire as to past sexual relationships with Finklea.

Alexandria, Louisiana, April 28, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE