# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **VICKY B. CHELETTE, ET AL.** | **CIVIL ACTION NO. 3:04-2440** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## Ruling

This is an employment discrimination action brought by Plaintiff Vicky B. Chelette ("Chelette") and her husband, Dale Chelette, against her former employer, State Farm Mutual Automobile Insurance Company ("State Farm"). Pending before the Court are Plaintiffs' "Objections to and Appeal of Memorandum Ruling on Motion to Compel" ("Appeal") [Doc. No. 52]. Plaintiffs appeal Magistrate Judge James D. Kirk's April 28, 2006 Memorandum Order [Doc. No. 51] denying their Motion to Compel [Doc. No. 45]. State Farm has filed a memorandum in opposition [Doc. No. 56] to the Appeal. For the following reasons, Plaintiffs' Appeal is GRANTED, and Magistrate Judge Kirk's Order is SET ASIDE.

### I.  Facts and Procedural History

This appeal stems from questions asked of a former individual Defendant in this case, Rex Finklea ("Finklea"), at his deposition.

In August 1999, Chelette was selected to be an Agency Field Specialist ("AFS") Trainee, working in the Monroe Agency Field Office ("Monroe AFO") of State Farm. When she became an AFS Trainee, Finklea was the Agency Field Consultant ("AFC") for the Monroe AFO. As

part of Chelette's claims against State Farm, she alleges that she was subjected to sexual harassment by Finklea. Although State Farm does not admit that Finklea was Chelette's supervisor,[1] there is no dispute that he held a higher position at the Monroe AFO.

On February 1, 2006, Plaintiffs' attorney deposed Finklea. According to Defendants, during the deposition, Plaintiffs' attorney asked Finklea, "At any time during the term of your marriage, have you been unfaithful to Mrs. Rhonda Finklea?" Defendants' attorney objected and instructed Finklea not to answer. The parties contacted Magistrate Judge Kirk, who ruled that Finklea was not required to answer any questions concerning his past romantic relationships. Later in the deposition, Plaintiffs' attorney asked Finklea whether he was romantically involved with two particular females during his marriage. Counsel again contacted Magistrate Judge Kirk, who instructed that Finklea was not to be asked these questions, but could be asked about any complaints or concerns of inappropriate conduct raised by female employees of State Farm during his thirty-two years of employment. However, Magistrate Judge Kirk also indicated that he was ruling without notice or benefit of research and invited Plaintiffs' attorney to brief the issue and file an appropriate motion if Plaintiffs wished for him to reconsider his ruling.

On February 9, 2006, Plaintiffs' attorney deposed Guy Barr ("Barr"), State Farm's Regional Vice-President for Louisiana and Arkansas prior to his retirement. Barr testified that at management meeting he was told that Finklea "thought he was a ladies' man" and that Barr later told Chelette about this comment.

---

[1] Currently pending before the Court is a Motion for Summary Judgment filed by State Farm. State Farm states in its memorandum in support of that motion the following: "For purposes of the instant Motion only, Defendants do not dispute Plaintiffs' contention that Mr. Finklea was a supervisor of Mrs. Chelette during the relevant time frame." [Doc. No. 58-2, p. 2].

2

At some point during discovery, Plaintiffs also obtained notes prepared by Leisha Willis ("Willis"), an employee of State Farm's Human Resources Department, of her interview of Finklea's former supervisor, Jeri Bradford ("Bradford"). According to these notes, Bradford recalled a rumor that Finklea had a romantic relationship with another State Farm employee, Dana Barnes.

On March 28, 2006, Plaintiffs filed a Motion to Compel seeking to compel Finklea's testimony regarding his past sexual relationships.[2] Relying on two Eastern District of Louisiana cases, Plaintiffs argued that Finklea's "propensity to engage in relationships within the workplace is relevant on several fronts." [Doc. No. 45-2, p. 7]. Plaintiffs raise two reasons why the information is relevant:

> First, such could demonstrate a pattern or practice of . . . Finklea engaging in relationships within State Farm's work force. Such could support the conclusion that he was predatory within the workplace with regard to extra-marital relationships. Second, such would be relevant to proving what State Farm knew or should have known about a married member of management who fancied himself as a "ladies' man" and who apparently was pursing his objectives within the workplace.

[Doc. No. 45-2, p.7]. While Plaintiffs admit that Finklea has a privacy interest,[3] they contend that his interests can be protected by treating this as "Confidential Information" and thus governed by a protective order already entered in the case.

On March 30, 2006, Defendants filed a memorandum in opposition to the Motion to

---

[2]Plaintiffs also moved for leave to exceed the ten-deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A). Magistrate Judge Kirk granted that portion of the Motion to Compel, except as to Plaintiffs' request to take the deposition of Dana Barnes. No party has appealed Magistrate Judge Kirk's ruling on this issue, and, thus, it is not before the Court.

[3]Plaintiffs note that the same questions were posed to them during their depositions, and they answered the questions.

Compel. Relying on a California state appellate case, they argued that Finklea's fundamental right to privacy would be compromised if Plaintiffs' Motion to Compel were granted. They further pointed out that the two women with whom he allegedly had affairs worked with him almost twenty years ago. If the relationships were consensual, then Defendants argue, they are not relevant to Chelette's claim of sexual harassment. Even if the women believed they had been harassed, Defendants further argue that such evidence would not be admissible because of the length of time between those incidents and the current allegations against Finklea.

On April 28, 2006, Magistrate Judge Kirk issued a ruling on the Motion to Compel. Magistrate Judge Kirk pointed out that it was "not clear" what questions were asked of Finklea, but it appears that he was asked about "two relationships [P]laintiffs believed existed in the past," and which "Defendant counsel suggests" involve persons who worked with Finklea "'almost two decades ago.'" [Doc. No. 51, p. 1]. Magistrate Judge Kirk also noted that Plaintiffs did not explain how they thought the requested discovery would lead to admissible evidence, but assumed from the cases they cited that such evidence may be relevant to show whether a term, condition, or privilege of employment was affected; to show whether the employer knew or should have known about the harassment; to show whether Finklea had a "pattern or practice" of workplace relationships; or as an attempt to discover the names of potential witnesses.

Magistrate Judge Kirk concluded that this information was not relevant to State Farm's knowledge of Finklea's alleged harassment of Chelette. Under *Celestine v. Petroleos De Venezuela SA*, 266 F.3d 343 (5th Cir. 2001), a plaintiff is normally required to prove five elements to support a claim of sexual harassment under a theory of hostile environment, the fifth element being that the employer knew or should have known of the harassment and failed to take

remedial action. *Id.* at 353. However, in a hostile work environment claim against a supervisor, a plaintiff is not required to show this fifth element. *Id.* at 353-54. Because Magistrate Judge Kirk understood Finklea to be Chelette's supervisor, he concluded that she would not need to prove the fifth element.

Additionally, Magistrate Judge Kirk concluded that the discovery sought was not otherwise relevant because (1) he could not see "how such evidence could possibly tend to show whether a term or condition of plaintiff's employment was affected by Finklea's actions," and (2) even if there was a past "pattern and practice," such evidence is immaterial because this is not a class action. [Doc. No. 51-1, p. 2]. Therefore, Magistrate Judge Kirk found that "discovery of irrelevant sexual conduct would violate the privacy rights of Finklea and of any persons with whom he may have been sexually involved in the past."

On May 8, 2006, Plaintiffs filed this Appeal. On May 23, 2006, Defendants filed a memorandum in opposition to the Appeal.

**II.    Law and Analysis**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court reviews a magistrate judge's order on a non-dispositive matter to determine whether it is clearly erroneous or contrary to law.

The discovery sought in this matter is governed by Federal Rule of Civil Procedure 26, which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." However, the Court "may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . . including that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1).

In this case, Plaintiffs argue that Magistrate Judge Kirk failed to distinguish two Eastern District of Louisiana cases directly on point. Plaintiffs further contend that his ruling is clearly erroneous because he mistakenly believed that this is a supervisor sexual harassment case where State Farm's knowledge is not at issue. Finally, Plaintiffs contend that Magistrate Judge Kirk erred when he found that the discovery sought to solicit irrelevant pattern and practice evidence. Plaintiffs explain that they do not seek to offer pattern and practice evidence in lieu of evidence supporting Chelette's allegations. Rather, Plaintiffs seek to offer evidence of specific events and instances of inappropriate conduct engaged in by Finklea to show that he had a habit of soliciting and/or engaging in sexual relationships in the workplace. Plaintiffs explain as follows:

> Mr. Finklea will no doubt appear at trial and deny that he attempted to solicit Mrs. Chelette for sexual encounters. He will likewise no doubt attempt to proclaim or infer that he is a married man who would never engage in this type of conduct. If allowed to pursue his other affairs at State Farm, Mrs. Chelette will be able to show that Mr. Finklea has a habit or practice of engaging in the same kind of conduct.

[Doc. No. 52-2, p.9].

Defendants respond that Plaintiffs' appeal points out that they are seeking to paint Finklea as an "adulterer," which is irrelevant to Chelette's claims and the type of character evidence which is not allowed under the Federal Rules of Evidence. Defendants further contend that this type of discovery is an unreasonable invasion of the fundamental right to privacy of both Finklea and the third parties allegedly involved. Defendants again point out that the women with whom Finklea is alleged to have had affairs worked under his supervision twenty years ago. Defendants contend that, even if Finklea was not Chelette's supervisor, requiring her to prove that State Farm knew or should have known of the alleged harassment, the requested discovery is not reasonably

6

calculated to lead to admissible evidence. They argue that Finklea's alleged sexual relationships with two persons under his supervision twenty years ago does not make it more or less likely that State Farm knew or should have known about Chelette's alleged harassment in 2002 and 2003 and thus would not be admissible evidence at trial.

The Court finds that evidence sought by Plaintiffs is potentially relevant to the fifth element of the required showing on her sexual harassment claim. Understandably, given the facts in this case, Magistrate Judge Kirk was led to believe that Finklea is a supervisor. Because Defendants do not concede that Finklea is a supervisor (except for purposes of summary judgment), the burden remains on Plaintiffs to show that State Farm knew or should have known about Finklea's alleged harassment. Accordingly, Plaintiffs' attempt to discover from Finklea whether he engaged in sexual relationships in the workplace is reasonably calculated to lead to admissible evidence on the issue of State Farm's knowledge. The Court will allow Plaintiffs to reconvene Finklea's deposition and to ask him (1) whether he has solicited and/or engaged in sexual relationships in the workplace, (2) to identify any persons whom he solicited and/or with whom he had a sexual relationship, (3) when any such solicitations and/or relationships occurred, and (4) whether any complaints or concerns were made to State Farm as a result of the alleged solicitations and/or relationships.

While there may be questions that are reasonably calculated to lead to admissible evidence other than the ones identified, the Court's ruling is limited. Plaintiffs are not entitled to discover every sexual relationship Finklea may or may not have had outside his marriage. Rather, Plaintiffs are restricted to inquiring about Finklea's alleged sexual relationships in the workplace.

7

The Court has carefully considered Defendants' arguments regarding the length of time that has passed since at least two of these relationships were alleged to have occurred. However, even if two of the alleged relationships are twenty years old, there is also an allegation that Finklea engaged in a workplace sexual relationship as late as 2000. Under these circumstances, the Court finds that the information sought is reasonably calculated to lead to admissible evidence, but reserves any determination on admissibility.

Additionally, the Court agrees with Magistrate Judge Kirk that there are fundamental privacy rights involved for both Finklea and the women with whom he was allegedly involved. Therefore, any information obtained from Finklea during his reconvened deposition is subject to the protective order [Doc. No. 29] already in place in this case.

Given the upcoming trial date of September 11, 2006, and the pending Motion for Summary Judgment filed by Defendants, the Court expects the parties to make every effort to reconvene Finklea's deposition quickly, whether by telephone or in person.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Appeal [Doc. No. 52] is GRANTED, and Magistrate Judge Kirk's April 28, 2006 Memorandum Order [Doc. No. 51] is SET ASIDE. Plaintiffs may reconvene the deposition of Finklea for the limited purposes set forth in this Court's Ruling.

MONROE, LOUISIANA, this 31st day of July, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE