# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **VICKY B. CHELETTE, ET AL.** | **CIVIL ACTION NO. 3:04-2440** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## Ruling

This is an employment discrimination action brought by Plaintiff Vicky B. Chelette ("Chelette") against her former employer, State Farm Mutual Automobile Insurance Company[1] ("State Farm"). As part of her claims, Chelette alleges that she was subjected to sexual harassment by Rex Finklea ("Finklea"), an employee of State Farm, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the state anti-discrimination law, La. Rev. Stat. § 23:300, *et seq.* Chelette further alleges that she was retaliated against in violation of Title VII and state law.[2]

### A.    Procedural History

On June 9, 2006, State Farm filed a Motion for Summary Judgment. [Doc. No. 58].

On July 5, 2006, Plaintiffs filed an opposition memorandum. [Doc. No. 64]. As an exhibit to the opposition memorandum, Plaintiffs attached Chelette's affidavit.

On July 20, 2006, State Farm filed a Motion to Strike the Affidavit of Vicky Chelette

---

[1]Chelette originally brought suit against State Farm Fire and Casualty, but she was not employed by that entity; her employer was State Farm Mutual Automobile Insurance Company.

[2]Chelette's husband, Dale Chelette, asserts a loss of consortium claim, but that claim is not at issue in this ruling.

[Doc. No. 71].  On this same day, State Farm also filed a Motion for Leave to File Reply Memorandum in Support of Defendants' Motion for Summary Judgment and for Leave to Exceed the Ten Page Limit  [Doc. No. 70].  Consistent with local rules, State Farm attached its proposed pleading and exhibits, including the report of its expert, D. Jan Duffy.

On July 26, 2006, Plaintiffs filed a Motion to Strike Report of D. Jan Duffy [Doc. No. 74].

On July 27, 2006, the Court granted State Farm leave to file its reply memorandum [Doc. No. 80] in support of its Motion for Summary Judgment.

On August 1, 2006, Plaintiffs filed a memorandum in opposition [Doc. No. 92] to State Farm's Motion to Strike Chelette's Affidavit.

On August 10, 2006, State Farm filed a memorandum in opposition [Doc. No. 90] to Plaintiffs' Motion to Strike Duffy's report.

Given the nature of the documents sought to be stricken by the parties, the Court will resolve these motions prior to ruling on the Motion for Summary Judgment.

**B.     Motions to Strike**

### 1.     State Farm's Motion to Strike

State Farm moves the Court to strike, in whole or part, paragraphs 8, 21, 22, 23, 24, 25, 26, 27, 28, 31, 36, 37, 38, and 42[3] of Chelette's affidavit.  In support of its motion, State Farm contends that Chelette seeks to use her affidavit to contradict her prior deposition testimony and to bolster her memorandum in opposition to State Farm's Motion for Summary Judgment. Specifically, with regard to paragraphs 23, 25, 26, 27, 28, 31, 36, 37, and 38, State Farm contends

_____

[3]State Farm does list paragraph 22 in the introduction or conclusion to its Motion to Strike, but does list this paragraph in the body of its memorandum.

that Chelette contradicts her deposition and makes new allegations of harassment. With regard to paragraph 42, State Farm contends that Chelette contradicts her deposition testimony about the date of a meeting in Baton Rouge at the office of Tim McFadden. Finally, with regard to paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 31, 36, 37, and 38, State Farm contends that Chelette makes vague and conclusory statements which are inadmissible to oppose a motion for summary judgment.

In response, Chelette contends that her affidavit does not contradict her deposition testimony, but supplements it. She further contends that her affidavit is sufficiently specific to be considered by the Court.

A non-movant cannot defeat a motion for summary judgment by submitting an affidavit which contradicts, without explanation, earlier deposition testimony. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). However, "[w]hen an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment." *Id.* at 496 (citing *Clark v. Reistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988)).

Similarly, a non-movant may not defeat a motion for summary judgment by submitting an affidavit which contains only vague, conclusory, and general assertions and legal conclusion. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (*en banc*) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." ).

The Court will address each of the paragraphs in numerical order.

### a.    Paragraph 8

Although State Farm moves to strike paragraph 8 of Chelette's affidavit, it fails to state

3

the basis for its motion on this paragraph. Accordingly, the Motion to Strike is DENIED as to paragraph 8.

### b. Paragraphs 21 and 22

State Farm moves to strike paragraphs 21 and 22 of Chelette's affidavit as vague and conclusory and lacking in precise, detailed facts. State Farm further contends that the last sentence of paragraph 22 contradicts Chelette's deposition testimony. The paragraphs state as follows:

### Paragraph 21

From the time I began working in the Monroe AFO, Mr. Finklea would make isolated or sporadic comments or gestures directed toward me; however, commencing in the latter part of 2002, Mr. Finklea began to increase the severity and frequency of his inappropriate behavior toward me.

### Paragraph 22

Specifically on many occasions, Mr. Finklea would brush up against my breasts with his arm in the guise of trying to get close to review a document. On each occasion, I would pull away.

[Doc. No. 66, Exh. 6].

The Court finds that the statements are not so vague or conclusory as to be stricken. *See Harville v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005) (Assertions that the plaintiff was "touched 'numerous times' instead of providing exact dates or the exact number of instances" were not so "conclusory" that they should have not have been considered by the court).

The Court has also reviewed Chelette's deposition testimony. She testified that Finklea "rubbed up against" her breast more than ten times when they were "standing beside each other,

4

maybe looking at a document." [Doc. No. 58, Exh. A, pp. 27-28[4]].  She further testified that, at

first, she was not sure whether the contact was intentional, but later believed that it was after

Finklea allegedly propositioned her.  Chelette was never asked what she did, how she responded,

or how she acted when Finklea rubbed against her breast.  Therefore, her affidavit statement

merely supplements and does not contradict deposition testimony.

State Farm's Motion to Strike is DENIED as to paragraphs 21 and 22.

### c.        Paragraph 23

State Farm moves to strike paragraph 23 of Chelette's affidavit as contradictory of her

prior deposition testimony, as vague and conclusory, and as improper opinion or reputation

evidence prohibited by Federal Rule of Evidence 608(a).

Chelette states in this paragraph that "Mr. Finklea also had a habit of staring at my breasts

when he and I engaged in conversation." [Doc. No. 66, Exh. 6].

The Court has again carefully reviewed Chelette's testimony and the questions asked

about her allegations of sexual harassment.  From this review, the Court can find no question

which would necessarily have solicited the above statement from Chelette.  For example,

Chelette was not asked whether Finklea engaged in any other behavior of which she failed to

inform Leisha Willis or the EEOC.  The Court finds that the statement is not contradictory of any

deposition testimony.  If Chelette never discussed this allegation with the EEOC, State Farm, and

did not include it in her Petition, then State Farm can raise this inconsistency in cross-

examination.

Likewise, the Court finds that the statement is not vague and conclusory such that it

---

[4]The page number refers to the number assigned by the Clerk of Court at the top of each
page, not the page number of the deposition itself.

cannot be considered by the Court in ruling on the Motion for Summary Judgment.

Finally, the Court finds that this statement is also admissible under the Federal Rules of Evidence. Rule 608(a) provides that the credibility of a witness may be attacked in the form of opinion or reputation, but this evidence may refer only to character for truthfulness or untruthfulness. In this case, however, Chelette is not attacking Finklea's credibility, but is alleging that he habitually stared at her breasts while talking with her.

State Farm's Motion to Strike paragraph 23 is DENIED.

### d.    Paragraph 24

State Farm moves to strike paragraph 24 of Chelette's affidavit as vague and conclusory and lacking in precise, detailed facts.

The Court has reviewed this paragraph and disagrees. The Motion to Strike paragraph 24 is DENIED.

### e.    Paragraphs 25, 26, 27, 28, 31, 36, 37, and 38

State Farm moves to strike paragraphs 25, 26, 27, 28, 31, 36, 37, and 38 of Chelette's affidavit on the bases that the statements in those paragraphs contradict her sworn deposition tesitmony and/or are newfound allegations of sexual harassment and are also vague and conclusory.

Having reviewed Chelette's deposition testimony, the Court finds that paragraph 25 of Chelette's affidavit is contradictory. During her deposition, the following exchange took place:

Q.    So attempting to give you massages, how many times did that occur?

A.    Probably four or five times.

Q.    And that was in the office?

A.    Yes.

Q.     **And how would that happen, he would just come up behind you and put his hands on your shoulders, that kind of thing?**

A.     **I was always sitting at my desk and he would come up behind me.**

Q.     **And would he ask you, Could I give you a massage, or did he just put his hands on you?**

A.     **He just put his hands on me.**

[Doc. No. 58, Exh. A, p.29 (emphasis added)].  Chelette now seeks to contradict that testimony, saying that Finklea "would make remarks to the effect of, 'I have been told I am good with my hands.'" [Doc. No. 66, Exh. 6].  This is the type of contradictory affidavit testimony not allowed under *S.W.S. Erectors*, and State Farm's Motion to Strike Paragraph 25 is GRANTED.

With regard to the statements contained in paragraphs 26, 27, 28, 31, 36, 37, and 38, the Court finds that these statements supplement and do not contradict any deposition testimony. The Court further finds that they are not so vague, conclusory, or lacking in details as to be stricken.  State Farm's Motion to Strike these paragraphs is DENIED.

## Paragraph 42

Finally, State Farm moves the Court to strike paragraph 42 of Chelette's affidavit on the basis that it is contradictory of her deposition testimony.  The Court disagrees.

In paragraph 42, Chelette states that she and Finklea traveled to a meeting together at the office of Tim McFadden ("McFadden") in Baton Rouge that "positively occurred during December 2003." [Doc. No. 66, Exh. 6].  State Farm contends that McFadden and Finklea "unequivocally identified the date of the meeting as November 7, 2003, and produced documentation substantiating that date." [Doc. No. 71, p. 5].  State Farm further contends that Chelette "has speculated about the date" of the meeting "[t]hroughout this controversy," but has

7

not "substantiate[d] the date of the Baton Rouge meeting with any evidence." [Doc. No. 71, p. 5].

The Court finds that Chelette's affidavit is consistent with her deposition testimony. In three different places in her deposition, Chelette testified that the meeting in Baton Rouge (or the second alleged "pass" from Finklea) occurred in December 2003. *See* [Doc. No. 66, Exh. 1, pp. 81, 100, 105]. While she may never have used the word "positively," Chelette also never testified that she was unsure whether the meeting occurred in December and never indicated that it took place any other month. It may well be that a jury would find that the meeting took place in November, not December 2003, but that is a credibility determination which is inappropriate for summary judgment.

State Farm's Motion to Strike paragraph 42 is DENIED.

### 2. Plaintiffs' Motion to Strike

Plaintiffs move the Court to strike the report of State Farm's expert, Duffy, because it is not sworn or certified and does not comply with Rule 56(e) of the Federal Rules of Civil Procedure.

State Farm responds that Duffy's report is admissible because it was prepared and produced in accordance with the requirements of Rule 26 of the Federal Rules of Civil Procedure. Further, to the extent that the report had to be sworn, State Farm produced a declaration from Duffy to cure any deficiency.

The Court agrees with Plaintiffs that an expert report must be accompanied by an affidavit or declaration to be considered as competent summary judgment evidence. *Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("'Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.'") (quoting 11 JAMES

WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60.42[6] (3d ed. 1997)).  State Farm is correct that an expert report must comply with Rule 26 and Federal Rule of Evidence 702 in order to be considered in conjunction with a motion for summary judgment.  *See Runnels v. Texas Children's Hosp. Select Plan*, No. 04-20825, 2006 WL 189939, 167 Fed. Appx. 377 (5th Cir. Jan. 25, 2006).  However, neither Rule 26 nor Rule 702 absolves a party from providing authentication of the report by affidavit, declaration, or otherwise (e.g., through deposition testimony).

Nevertheless, the Court will consider Duffy's report.  Plaintiffs do not dispute that the report was properly provided to them in discovery, only the propriety of the Court's review of an unauthenticated or verified report in support of a motion for summary judgment.  Federal Rule of Civil Procedure 56(c) permits the filing of opposing affidavits anytime prior to the day of the hearing on a motion for summary judgment.  In this case, there is no hearing set, and State Farm has now corrected the deficiency by providing Duffy's declaration and curriculum vitae in time for the Court to consider it before issuing a ruling.

Accordingly, Plaintiffs' Motion to Strike is DENIED.

## C.      Conclusion

For the foregoing reasons, State Farm's Motion to Strike [Doc. No. 71] is GRANTED IN PART and DENIED IN PART, and Plaintiffs' Motion to Strike [Doc. No. 74] is DENIED.

MONROE, LOUISIANA, this 18th day of July, 2006.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**